Howell, J.
Plaintiffs sue on a note given by defendant for one-half of advances made by the former in excess of or beyond what was repaid from a certain source, under a contract for raising a stranded vessel. The defense is failure of consideration and release of liability by the raising of said vessel, an event, by the happening of which, it is alleged, the defendant would not be liable.
A contract was entered into between the agents of Chailes Morgan and one John Hallidav, by which the latter was to raise a stranded vessel for a stipulated sum. Another contract was made between the plaintiffs and defendant, by which the latter bound himself to pay one-half of a fixed sum, advanced by the plaintiffs beyond the amount received from the Halliday contract. This sum was subsequently increased, and before the vessel was raised, and while it seemed uncertain whether it would be, these parlies came to an understanding as to the amount of the excess advanced by plaintiffs for the object of the original contract, and the note in suit was given by the defendant for his portion. The evidence by parol to show this was objected to on the ground that no new verbal agreement was alleged, and the written contract was limited to a less sum. The note having been given subsequently to the date of the written contract and identified therewith in its own terms, it was proper to permit evidence to show the settlement or agreement under which it was given. The plaintiffs were not enforcing the written contract in all its parts, but suing on the note given in connection with said contract, yet for a sum different from that named in the contract. The note is evidence of another change *150 in the sum first agreed on, and is binding on defendant in the absence of error or fraud, which is not shown.
The Norwalk Iron Works intervened, claiming the ownership of certain machinery pledged by defendant to plaintiffs to secure said advances, and have appealed from a judgment against them. The evidence shows that the defendant was their agent to sell the machinery, consigned by them to him, and that he sent machinery to various points, to be sold for cash or on credit, and settled with intervenors for such sales. He was their agent and not their factor in the purview of the law invoked by them, and having had the possession and control of the machinery in question, and having pledged it to plaintiffs, who are not shown to have known that it belonged to intervenors, the pledge must be sustained.
The intervenors put it in the power of the defendant to make such use of the machinery, and they must bear the loss, if any.
The principle which sustains the pledge of a note as collateral, which is placed in the hands of a broker to sell, must apply here.
It is therefore ordered that the judgment appealed from be amended by changing the amount as against the succession of the defendant from $2000 to $2501 15, with five per cent, interest from eighteenth March, 1872, and as thus amended it be affirmed with costs.
Rehearing refused.